**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **OLEKSANDER SAVOSTIANOV**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FEDERAL ADVOCATES, INC., et al.,**<br><br>**Defendants.** | **Civil Action No. 1:20-CV-01711-CKK** |

**DEFENDANTS' ANSWER AND GROUNDS OF DEFENSE**
**TO PLAINTIFF'S COMPLAINT**

Defendants Federal Advocates, Inc. ("Federal Advocates") and Michael J. Esposito (collectively, "Defendants"), by counsel, submit the following Answer and Grounds of Defense to Plaintiff's Complaint.

1.      The allegations in Paragraph 1 of the Complaint are conclusions of law and no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and demand strict proof thereof.

2.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit that at all times during the relevant time period alleged in the Complaint, Federal Advocates was a Virginia corporation with its principal place of business located at 1666 K Street, NW, Suite 1110, Washington, DC 20006.

4.     Defendants admit that at all times during the relevant time period alleged in the Complaint, Michael Esposito was a citizen of the Commonwealth of Virginia, with his primary residence located at 20607 Quarterpath Trace Circle, Sterling, VA 20165.

5.     The allegations in Paragraph 5 of the Complaint comprise legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph and demand strict proof thereof.

6.     The allegations in Paragraph 6 of the Complaint comprise legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph and demand strict proof thereof.

7.     The allegations in Paragraph 7 of the Complaint comprise legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph and demand strict proof thereof.

8.     The allegations in Paragraph 8 of the Complaint comprise legal conclusions to which no response is required

9.     Defendants admit that Plaintiff and Defendant Esposito spoke regarding prospective employment with Federal Advocates in May of 2017. Defendants deny all remaining allegations in Paragraph 9 of the Complaint as phrased and demand strict proof thereof.

10.     Defendants deny the allegations in Paragraph 10 of the Complaint and demand strict proof thereof.

11.     Defendants admit that Plaintiff accepted employment with Federal Advocates as a Director of Government and International Affairs on or around May 21, 2017.

12.     Defendants admit the allegations in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint and demand strict proof thereof.

14.     Defendants admit that Plaintiff was offered a starting salary of $81,000.00 per year in or around May 2017. Defendants deny all remaining allegations in Paragraph 14 of the Complaint and demand strict proof thereof.

15.     Defendants admit the allegations in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint and demand strict proof thereof.

17.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint, deny the same, and demand strict proof thereof.

18.     Defendants admit the allegations in Paragraph 18 of the Complaint to the extent the allegations accurately restate Federal Advocates written offer of employment to Plaintiff in May 2017. Defendants deny the remaining allegations in Paragraph 18 and demand strict proof thereof.

19.     Defendants admit the allegations in Paragraph 19 of the Complaint to the extent the allegations accurately restate Federal Advocates written offer of employment to Plaintiff in May 2017. Defendants deny the remaining allegations in Paragraph 19 and demand strict proof thereof.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint as phrased and demand strict proof thereof.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint as phrased and demand strict proof thereof.

22.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint, deny the same, and demand strict proof thereof.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint and demand strict proof thereof.

24.     Defendants admit that Federal Advocates increased Plaintiff's salary in 2018 to $100,000.00. Defendants deny the remaining allegations in Paragraph 24 of the Complaint and demand strict proof thereof.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint and demand strict proof thereof.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint as phrased and demand strict proof thereof.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint as phrased and demand strict proof thereof.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint and demand strict proof thereof.

29.     Defendants admit that Plaintiff secured the National Cannabis Industry Association ("NCIA") as a client on behalf of Federal Advocates. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 29, deny the same, and demand strict proof thereof.

30.     Defendants admit that NCIA agreed to engaged Federal Advocates for lobbying services in connection with the legalized cannabis industry and related banking reform. Defendants deny the remaining allegations in Paragraph 30 as phrased, deny the same, and demand strict proof thereof.

31.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint, deny the same, and demand strict proof thereof.

32.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint, deny the same, and demand strict proof thereof.

33.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 33 of the Complaint, deny the same, and demand strict proof thereof.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint as phrased and demand strict proof thereof.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint as phrased and demand strict proof thereof.

36.     Defendants admit that Plaintiff secured an engagement on Federal Advocate's behalf with Amatex Capital ("Amatex") concerning the promotion of domestic partnership opportunities for Amatext within the United States. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 36, deny the same, and demand strict proof thereof.

37.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint, deny the same, and demand strict proof thereof.

38.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint, deny the same, and demand strict proof thereof.

39.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint, deny the same, and demand strict proof thereof.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint and demand strict proof thereof.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint and demand strict proof thereof.

42.     Defendants admit that Plaintiff secured a contract with DeVision Group ("DiVision") on Federal Advocate's behalf. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 42, deny the same, and demand strict proof thereof.

43.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 43 of the Complaint, deny the same, and demand strict proof thereof.

44.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 44 of the Complaint, deny the same, and demand strict proof thereof.

45.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 45 of the Complaint, deny the same, and demand strict proof thereof.

46.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint, deny the same, and demand strict proof thereof.

47.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint, deny the same, and demand strict proof thereof.

48.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 48 of the Complaint, deny the same, and demand strict proof thereof.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint and demand strict proof thereof.

50.     Defendants admit that Plaintiff secured a consulting agreement with Sergei Rybalka on Federal Advocate's behalf. Defendants are without sufficient information to admit or

deny the remaining allegations in Paragraph 50 of the Complaint, deny the same, and demand strict proof thereof.

51.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 51 of the Complaint, deny the same, and demand strict proof thereof.

52.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint, deny the same, and demand strict proof thereof.

53.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 53 of the Complaint, deny the same, and demand strict proof thereof.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint and demand strict proof thereof.

55.     Defendants admit that Plaintiff secured several consulting agreements with the Ukrainian entities listed in Paragraph 55 of the Complaint (collectively, the "S Group"). Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 55 of the Complaint, deny the same, and demand strict proof thereof.

56.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 56 of the Complaint, deny the same, and demand strict proof thereof.

57.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 57 of the Complaint, deny the same, and demand strict proof thereof.

58.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 58 of the Complaint, deny the same, and demand strict proof thereof.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint and demand strict proof thereof.

60.     To the extent Paragraph 60 is summarizing information from multiple media sources, Defendants can neither admit nor deny the allegations in this paragraph.

61.     To the extent Paragraph 61 is summarizing information from a specific media source, Defendants can neither admit nor deny the allegations in this paragraph.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint as phrased and demand strict proof thereof.

63.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 63 of the Complaint, deny the same, and demand strict proof thereof.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint as phrased and demand strict proof thereof.

65.     Defendants admit that Federal Advocates terminated Plaintiff's employment in or around January 2020. Defendants deny the remaining allegations in Paragraph 65 of the Complaint as phrased and demand strict proof thereof.

66.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 66 of the Complaint, deny the same, and demand strict proof thereof.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint as phrased and demand strict proof thereof.

68.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 68 of the Complaint, deny the same, and demand strict proof thereof.

69.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 69 of the Complaint, deny the same, and demand strict proof thereof.

70.     Defendants admit that Plaintiff sent Defendant Esposito an email on January 31, 2020 regarding Plaintiff's estimates of commissions due to him. Defendants deny the remaining allegations in Paragraph 70 and demand strict proof thereof.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint as phrased and demand strict proof thereof.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint and demand strict proof thereof.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint and demand strict proof thereof.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint and demand strict proof thereof.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint and demand strict proof thereof.

76.     Defendants incorporate their responses above to Paragraphs 1 through 75 of the Complaint.

77.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 77 of the Complaint, deny the same, and demand strict proof thereof.

78.     Defendants admit the allegations in Paragraph 78 of the Complaint to the extent the allegations accurately restate Federal Advocates written offer of employment to Plaintiff in May 2017. Defendants deny the remaining allegations in Paragraph 78 and demand strict proof thereof.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint as phrased and demand strict proof thereof.

80.     Paragraph 80 of the Complaint contains conclusions of law and therefore, Defendants are not required to respond to the allegations in Paragraph 80 of the Complaint. To the extent a response is required, Defendants deny the allegations in this paragraph and demand strict proof thereof.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint as phrased and demand strict proof thereof.

82.     Paragraph 82 of the Complaint contains conclusions of law and therefore, Defendants are not required to respond to the allegations in Paragraph 82 of the Complaint. To the extent a response is required, Defendants deny the allegations in this paragraph and demand strict proof thereof.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint as phrased and demand strict proof thereof.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint as phrased and demand strict proof thereof.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint as phrased and demand strict proof thereof.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint as phrased and demand strict proof thereof.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint as phrased and demand strict proof thereof.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint as phrased and demand strict proof thereof.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint as phrased and

demand strict proof thereof.

90.     Defendants incorporate their responses to Paragraphs 1 through 89 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint and demand strict proof thereof.

92.     Defendants deny the allegations in Paragraph 92 and demand strict proof thereof.

93.     Defendants deny the allegations in Paragraph 93 and demand strict proof thereof.

94.     Defendants deny the allegations in Paragraph 94 and demand strict proof thereof.

95.     Defendants deny the allegations in Paragraph 95 and demand strict proof thereof.

96.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 96 of the Complaint, deny the same, and demand strict proof thereof.

97.     Defendants deny the allegations in Paragraph 97 and demand strict proof thereof.

98.     Defendants incorporate their responses to Paragraphs 1 through 97 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 as phrased and demand strict proof thereof.

100.    Defendants deny the allegations in Paragraph 100 and demand strict proof thereof.

101.    Defendants deny the allegations in Paragraph 101 and demand strict proof thereof.

102.    Defendants deny the allegations in Paragraph 102 and demand strict proof thereof.

103.    Defendants deny the allegations in Paragraph 103 and demand strict proof thereof.

To the extent the allegations in Plaintiff's prayer for relief require Defendants' response, Defendants deny the same and demand strict proof thereof.

Defendants deny each and every allegation of the Complaint not specifically addressed

above.

## AFFIRMATIVE DEFENSES

Without admitting liability for any claims or causes of action set forth in the Complaint, the Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was at all times an at-will employee of Federal Advocates and not subject to an employment contract.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages are barred to the extent that they exceed the maximum allowable under applicable law.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Esposito was not Plaintiff's "employer" within the meaning of the District of Columbia Wage Payment and Collection Law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was properly compensated for all wages earned, including commissions.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred to the extent that they are speculative.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to reasonably mitigate his damages, if any.

## NINTH AFFIRMATIVE DEFENSE

Some are all of Plaintiff's claims are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not act willfully.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a mandatory arbitration clause.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim that complies with the requirements of D.C. Code § 32-1308.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent that if awarded, the recovery of such

damages would amount to cumulative damages.

## **OTHER DEFENSES**

Defendants will reply upon any other defenses that become known available to them, including those which may be disclosed or discovered through discovery or trial.

WHEREFORE, Defendants Federal Advocates, Inc. and Michael Esposito respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Complaint, with prejudice, including an award of Defendants' costs and attorney's fees, and grant such other and further relief in favor of Defendants as the Court deems just and appropriate.

Dated: April 7, 2021                    Respectfully submitted,

/s/ Roya Vasseghi
Roya Vasseghi (D.C. Bar No. 1014058)
Vasseghi Law, PLLC
9663-A Main Street
Fairfax, VA 22031
703-755-0905
roya@vasseghilaw.com

*Attorney for Defendants Federal*
*Advocates, Inc. and Michael Esposito*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system and electronically transmitted on April 7, 2021 to:

David M.E. Moon
Lipp Law Firm, PC
4000 Legato Road, Suite 1100
Fairfax, Virginia 22033
703-896-7704
david@lipplawfirm.com

*Counsel for Plaintiff*
*Oleksander Savostianov*

/s/ Roya Vasseghi
Roya Vasseghi